PER CURIAM.
Appellant/defendant Lewis Jackson, Jr. was found guilty of attempted robbery with a firearm and aggravated assault with intent to commit a felony, to wit: robbery on July 20,1976 and sentenced on each offense to consecutive terms of five years imprisonment. We affirm both the judgments, but the sentences must be reversed and vacated since the offenses were facets of the same transaction.
The state introduced evidence at trial that appellant and his codefendant, Ernest Weeks, rang J. Martin Burkholder’s doorbell late one night. When Burkholder opened the door, appellant and Weeks entered the house saying that it was a stickup, to give them his money, and to get on the floor. Before Burkholder could respond appellant began hitting him on the head with a gun. While this was going on another member of the household, Sandra Daugh-tery, entered the room, and Weeks grabbed and held her while appellant and Burkhold *1352 er scuffled. Appellant tried to take Burk-holder’s wallet but was unable to get it out of his pocket. The two men eventually left without the wallet.
Under these facts the aggravated assault and the attempted robbery were facets of the same transaction, and appellant may be sentenced only for one of the offenses. Nowlin v. State, 320 So.2d 468 (Fla. 4th DCA 1975), rev’d on other grounds, 346 So.2d 1020 (Fla.1977). We find no error in any of the other points raised by appellant.
Accordingly, the judgments are affirmed, the sentences are vacated, and the cause remanded for resentencing of appellant on the greater of the two charges, the attempted robbery.
BOARDMAN, C. J., and GRIMES and RYDER, JJ., concur.